**APPLE v. OWENS et al.**

No. 5785.

Circuit Court of Appeals, Fifth Circuit.

April 15, 1931.

H. E. Jackson, of San Angelo, Tex., and Earl Q. Gray, of Ardmore, Okl. (Collins, Jackson & Snodgrass, of San Angelo, Tex., and Potterf, Gray & Poindexter, of Ardmore, Okl., on the brief), for appellant.

C. O. Harris, L. B. Harris, and M. E. Sedberry, all of San Angelo, Tex., and R. R. Holloway, of Brownwood, Tex. (Woodruff & Holloway, of Brownwood, Tex., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

Appellant brought this suit in December, 1928, in the District Court for the Northern District of Texas, to subject the estate of John S. Owens to the payment of half the amount of a judgment, rendered in January, 1924, in a state court of Oklahoma, against himself and Owens. That judgment was entered in a suit on a note of the Chickasaw Refining Company, indorsed by appellant, Owens, and one Dunlap. Pending suit, the refining company became bankrupt, and no judgment was taken against it. Dunlap was insolvent. In February, 1924, appellant paid the amount of the judgment and took an assignment of it from the judgment creditor. Appellees are heirs at law of Owens, who moved from Oklahoma to Texas in 1921 and died in Texas in 1928. Upon their plea of the statute of limitations, the relief sought by appellant in this suit was denied.

It is not doubted that Apple originally had a cause of action for contribution against Owens. 6 R. C. L. 1036. But that cause of action became unenforceable in the face of a plea of the statute of limitations before this suit was brought. Revised Civil Statutes of Texas, arts. 5526, 5527, 5529. The statute of limitations of Texas, where the suit was brought, is recognized in the courts of the United States in the absence of legislation by Congress. Amy v. Dubuque, 98 U. S. 470, 25 L. Ed. 228; Bauserman v. Blunt, 147 U. S. 647, 13 S. Ct. 466, 37 L. Ed. 316. But if this suit may be based upon the judgment it was not barred because, having been brought within five years, it was still alive both in Oklahoma and Texas. Oklahoma Compiled Laws, § 695; Revised Civil Statutes of Texas, art. 5530. Therefore Apple relies upon the proposition that he is entitled to recover upon the judgment which he paid and which was assigned to him by the judgment creditor. Apple and Owens were both sureties on the note upon which the judgment was based; they were therefore equally bound to pay the judgment.

This is not the case of a surety against his principal. By the great weight of authority, where one of several defendants against whom there is a joint judgment pays to the judgment creditor the entire sum due the judgment is extinguished. Freeman on Judgments, (5th Ed.) § 1133, and the cases cited. See, also, note to the case of Nelson v. Webster, 68 L. R. A. 514. The authorities cited by appellant are mostly those involving the right of a surety against his principal, or where there are liens or other securities held by a creditor to secure the payment of a debt to which the surety may be subrogated.

We conclude that appellant's right of action for contribution was barred by the statute of limitations, and that he had no cause of action by virtue of the Oklahoma judgment.

The judgment of the District Court is affirmed.